JOSEPH C. GRASSI, ESQUIRE
BARRY, CORRADO, GRASSI & GIBSON, P.C.
2700 Pacific Avenue
Wildwood, NJ 08260
(P)(609) 729-1333 (F)(609) 522-4927
JGrassi@Capelegal.com
JCG 7213
Attorneys for the Plaintiff

### UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

| | |
|---|---|
| M.D., AS GUARDIAN AD LITEM FOR Z.H., a minor child,<br><br>　　　　Plaintiff,<br>　vs.<br><br>NEW JERSEY DIVISION OF YOUTH AND FAMILY SERVICES (DYFS); EILEEN CRUMMY; JOHN DOE FOSTER PARENTS, Fictitious Persons; KATHLEEN CODY; MARSHA HANNAH; JANET LONGO; DIANNE RHILE; MELISSA LAGROTERIA; SHANNON MANCUSO; KIM TIENAN; MICHELLE STONE; MAHALEY KIVLIN; SHENIDA ALVEAEZ PUCKERING; JENNIFER WALLACE; JOHN DOE DYFS CASE WORKERS 1-10; JOHN DOE DYFS SUPERVISORS 1-10; JOHN DOE DYFS MANAGERS 1-10 Fictitious Persons,<br><br>　　　　Defendants. | **CASE NUMBER:**<br><br>CIVIL ACTION<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL** |

　　　Plaintiff M.D., on behalf of Z.H., by way of complaint against defendants hereby avers:

### THE PARTIES

1.   Plaintiff M.D. is the natural father of Z.H. and brings this complaint on behalf of his son. At the time this cause of action arose, Z.H. was 9 years old.

2.     Defendant New Jersey Division of Youth and Family Services ("DYFS") is a comprehensive social services agency of the State of New Jersey. It is a part of the New Jersey Department of Human Services and its offices are located at 50 East State Street, Trenton, NJ. Its primary goal is the protection of children from abuse and neglect by addressing the protective service needs of children, including, but not limited to, foster care.

3.     Defendant Eileen Crummy is the present director of DYFS. She is in charge of developing new policies and programs for the division, ensuring that existing policies and programs were being applied fairly and effectively, and managing the division's offices and employees throughout the state.

4.     John Doe Foster Parents, fictitious persons whose identities are not yet known to plaintiff because of DYFS privacy provisions, were foster parents under the direction and approval of DYFS, and who were responsible for Z.H. while he was a resident foster child at the time this cause of action arose.

5.     Defendant Kathleen Cody was an individual employee, agent and/or servant of DYFS at the time this cause of action arose, and was a case manager entrusted with and directly responsible for the supervision, placement, monitoring and evaluation of Z.H.

6.     Defendant Marsha Hannah was an employee, agent and/or servant of DYFS at the time this cause of action arose, and was

the DYFS Regional Manager for Cape May and Atlantic Counties entrusted with and directly responsible for the supervision, monitoring, and evaluation of Z.H.

7.   Defendant Janet Longo was an individual employee, agent and/or servant of DYFS at the time this cause of action arose and was a supervisor entrusted with and directly responsible for the supervision, placement, monitoring, and evaluation of Z.H.

8.   Defendant Mahaley Kivlin was an individual employee, agent and/or servant of DYFS at the time this cause of action arose, and was a supervisor entrusted with and directly responsible for the supervision, placement, monitoring, and evaluation of Z.H.

9.   Defendant Dianne Rhile was an individual employee, agent and/or servant of DYFS at the time this cause of action arose and was a supervisor entrusted with and directly responsible for the supervision, placement, monitoring, and evaluation of Z.H.

10.  Defendant Shenida Alveaez Puckering was an individual employee, agent and/or servant of DYFS at the time this cause of action arose and was an investigator entrusted with and directly responsible for the supervision, placement, monitoring, and evaluation of Z.H.

11.  Defendant Jennifer Wallace was an individual employee, agent and/or servant of DYFS at the time this cause of action arose and was an investigator entrusted with and directly responsible for the supervision, placement, monitoring, and evaluation of Z.H.

12.   Defendant Melissa Lagroteria was an individual employee, agent and/or servant of DYFS at the time this cause of action arose, and was a case manager entrusted with and directly responsible for the supervision, placement, monitoring and evaluation of Z.H.

13.   Defendant Shannon Mancuso was an individual employee, agent and/or servant of DYFS at the time this cause of action arose, and was a case manager entrusted with and directly responsible for the supervision, placement, monitoring, and evaluation of Z.H.

14.   Defendant Kim Tienan was an individual employee, agent and/or servant of DYFS at the time this cause of action arose, and was a case manager entrusted with and directly responsible for the supervision, placement, monitoring, and evaluation of Z.H.

15.   Defendant Michelle Stone was an individual employee, agent and/or servant of DYFS at the time this cause of action arose, and was a case manager entrusted with and directly responsible for the supervision, placement, monitoring, and evaluation of Z.H.

16.   John Doe DYFS Case Workers 1-10 are fictitious persons, identities not yet known, who were case workers, employees, and/or servants of DYFS who were entrusted with and directly responsible for the well-being, placement, and supervision of T.M. and Z.H.

17.  John Doe DYFS Supervisors 1-10 are fictitious persons, identities not yet known, who supervised DYFS case workers, employees, and/or servants of DYFS who were entrusted with and directly responsible for the well-being, placement, and supervision of T.M. and Z.H.

18.  John Doe DYFS Managers 1-10 are fictitious persons, identities not yet known, who supervised DYFS supervisors, case workers, employees, and/or servants of DYFS who were entrusted with and directly responsible for the well-being, placement, and supervision of T.M. and Z.H.

## JURISDICTION

19.  This is a claim for federal civil rights violations brought pursuant to 42 USC Sec. 1983, together with pendent state law claims.

20.  Jurisdiction in this court is proper as to plaintiff's federal claims under 28 U.S.C. §1331, as an action arising under the Constitution or laws of the United States, as well as under 28 U.S.C. §1343(a)(3), as an action to redress the deprivation, under color of state law, of rights secured by the Constitution of the United States. Jurisdiction over plaintiff's pendent state law claims is proper under 28 U.S.C. §1367.

21.  Venue is properly laid in this district under 28 U.S.C. §1391(b) in the District of New Jersey, because all parties

reside in this district and the events giving rise to plaintiff's claims occurred in this district.

22.  In addition, plaintiff seeks attorney's fees and costs pursuant to 42 U.S.C. §1988 and N.J.S.A. 10:6-2(e).

### SUBSTANTIVE ALLEGATIONS

23.  On or about June 28, 2005, Z.H. was removed from his mother's custody and came under the care and custody of defendant DYFS, an agency of the State of New Jersey and a public entity for the purposes of the New Jersey Tort Claims Act.

24.  On or about October 14, 2005, Z.H. was placed within the home of defendants John Doe Foster Parents.

25.  At the time of the events giving rise to plaintiff's claims, T.M. was a foster child also residing in the same resource home.

26.  Z.H. was sexually assaulted on or around July 2006 by T.M., while both children were staying in the resource home of defendants John Doe Foster Parents.

27.  As early as 2004, DYFS knew of T.M.'s sexual abuse history and/or that T.M. was sexually acting out behaviors and referred T.M. to counseling.

28.  Defendants Kim Tienan, Kathleen Cody, Melissa Lagroteria, Shannon Mancuso, and John Doe DYFS Caseworkers 1-10 had not

followed up on such counseling to ensure that T.M.'s abusive behavior was being addressed and monitored.

29.  Defendants John Doe supervisors 1-10 and defendants John Doe managers 1-10 failed to adequately train and/or supervise various DYFS employees, all causing an undue risk of harm and injury to Z.H.

30.  Defendants John Doe foster parents were never informed of T.M.'s history of sexual acting out at the time he was placed in their home.

31.  When it was granted authority to place Z.H. in foster care, DYFS assumed a fiduciary relationship with Z.H. that imposed upon it a duty to care for and protect him. It also assumed a fiduciary relationship with the foster parents it assigned to care for him.

32.  At or during the time Z.H. was placed in foster care, defendant DYFS knew or should have known that T.M. had a propensity to sexually abuse other children.

33.  Defendants New Jersey Division of family services, Eileen Crummy, John Doe Foster Parents, Kathleen Cody, Marsha Hannah, Janet Longo, Dianne Rhile, Melissa Lagroteria, Shannon Mancuso, Kim Tienan, Michelle Stone, Mahaley Kivlin, Shenida Alveaez Puckering; Jennifer Wallace, John Doe DYFS Case Workers 1-10, John Doe supervisors 1-10, and John Doe managers 1-10 breached their constitutional duty of care by being deliberately

indifferent to the risk that Z.H. could be abused by T.M. while both were living in the same foster home.

34.  In particular, these defendants failed to warn Z.H.'s biological father about the risk to his child resulting from Z.H.'s placement in the same home as T.M.; failed to inform, educate or train the John Doe foster parents about the possibility of such abuse after Z.H. was placed in their home; and failed to supervise, monitor and otherwise oversee the placement of Z.H. to ensure that such abuse did not occur.

35.  As a direct and proximate result of negligence, during the period that both Z.H. and T.M. were under the care of John Doe Foster parents, T.M. sexually assaulted Z.H.

36.  The actions of defendants as described above were deliberate, willful, and wanton.

37.  The actions of defendants as described above were undertaken under color of state law.

Count I

42 U.S.C. § 1983 – Substantive Due Process:
(Against Individual Defendants)

38.  Each of the foregoing paragraphs is incorporated as if fully set forth herein.

39.  At all times when defendants had plaintiff in their foster care custody, defendants had a special relationship with Z.H. which imposed upon defendants an affirmative duty to care for

and protect plaintiff from harm under the Fourteenth Amendment to the United States Constitution.

40. Defendants breached that duty. Defendant's acts and omissions were a substantial departure from the exercise of reasonable professional judgment, practice and standards, and amounted to deliberate indifference to plaintiff's welfare.

41. Defendants acted with deliberate indifference to and callous disregard of repeated indications and signs that T.M, a foster child residing in the same resource home as Z.H., had a propensity to sexually assault other children, and was prone to sexually assault Z.H.

42. Defendants failed to ensure the safety and well-being of plaintiff while he was in foster care and in the custody of the state, thus causing plaintiff, Z.H., substantial and unnecessary physical, emotional, developmental, psychological, emotional, and psychiatric harm.

43. The actions and inactions that resulted in this harm include, but are not limited to:

     a. the failure to provide Z.H. with a safe and appropriate foster care placement;

     b. the failure to inform the foster parents of plaintiff that T.M. had a history of sexual acting out;

     c. the failure to inform and/or warn Z.H.'s biological father about the risk to Z.H. when his child was placed in the same home as T.M;

d. the failure of the DYFS caseworkers to inform, educate, and train defendant John Doe Foster Parents about the condition that Z.H. suffered from and the likelihood that T.M would sexually assault Z.H. after he was placed within their home;

e. The failure of DYFS caseworker(s) and supervisors to ensure that T.M.'s abusive behavior was adequately addressed, supervised, monitored, and treated to ensure that such any sexual abuse was not inflicted upon Z.H.; and

f. The failure of DYFS caseworkers to adequately screen, approve, license, and monitor the foster home that Z.H. was placed in.

44.  In addition, defendants Marsha Hannah, Shannon Mancuso, and Eileen Crummy failed to assure the adequate training of the various DYFS caseworker defendants concerning the provision of adequate care and services to Z.H.  Defendants were aware for years of the inadequate training and other systematic deficiencies in the state's foster care system that contributed to the harm suffered by Z.H., but failed to take reasonable steps necessary to remedy these deficiencies by providing caseworkers and foster parents with adequate training on how to monitor and take care of foster children with a propensity to sexually assault other foster children.

45.   The failure to adequately train the John Doe foster parents and caseworkers was so obvious, and so obviously likely to result in a constitutional violation, that it amounted to deliberate indifference to plaintiff's welfare.

46.   The failure to provide adequate training and supervision to the foster parents and caseworkers of Z.H. directly resulted in the harms suffered by Z.H.

47.  By virtue of the foregoing, defendants deprived Z.H. of various rights protected by the substantive component of the Due Process Clause of the Fourteenth Amendment.

48.  Defendants arbitrarily and capriciously deprived Z.H. of his due process rights in the absence of any countervailing state interest.

**WHEREFORE**, Plaintiff Z.H. demands judgment against defendants Eileen Crummy, , Kathleen Cody, Marsha Hannah, Janet Longoi, Dianne Rhile, Melissa Lagroteria, Shannon Mancuso, Kim Tienan, Michelle Stone, Mahaley Kivlin, Shenida Alvaez Puckering, and John Doe DYFS Workers 1-10 as follows:

        A. For compensatory damages.

        B. For punitive damages.

        C. For attorney's fees and costs pursuant to 42 USC
   Sec. 1988.

        D.  For all other appropriate relief.

COUNT II
New Jersey Constitution Substantive Due Process: Special
Relationship
(Against all Defendants)

49.  Each of the foregoing paragraphs is incorporated as if fully set forth herein.

50.  Defendants' actions and inactions of placing Z.H. in the same foster care home as T.M. was inconsistent with the exercise of reasonable professional judgment and amounts to a deliberate indifference to the substantive due process rights of Z.H.

51.  Defendants acted with deliberate indifference to the repeated indications and signs that T.M., another foster-care child, was prone to sexually assault another child that he came into contact with.

52.  By virtue of the foregoing, defendants deprived Z.H. of various rights protected by the New Jersey State Constitution, Article 1, Paragraph 1, including, but not limited to: the right to personal security and reasonably safe living conditions; the right to protection from harm; and the right not to be harmed physically, emotionally, developmentally, or otherwise.

53.  Defendants arbitrarily and capriciously deprived Z.H. of his due process rights in the absence of any countervailing state interest.

54.  As a direct and proximate result of the actions and/or inactions of defendants, Z.H. has been injured in that he has suffered physical injury, psychological and emotional trauma and

12

disability, both temporary and permanent in nature, and has experienced and will continue to experience pain, suffering, and psychological damage, has been prevented and will be prevented from normal emotional development, has sustained emotional loss, and has otherwise been damaged.

**WHEREFORE,** plaintiff Z.H. demands judgment against all defendants as follows:

A. For compensatory damages.

B. For punitive damages.

C. For attorney's fees and costs pursuant to 42 USC Sec. 1988.

D.  For all other appropriate relief.

COUNT III
N.J.S.A. 9:6B-1 *et seq*. Violation of Child Placement Bill of Rights Act
(Against all Defendants)

55.  Each of the foregoing paragraphs is incorporated as if fully set forth herein.

56.  Under the New Jersey Child Placement Bill of Rights Act, Plaintiff possessed the following rights while placed outside of his biological home: a right to be free from physical or psychological abuse; a right to receive adequate, safe, and appropriate food, clothing, and housing; a right to receive adequate and appropriate medical care; a right to have regular contact with case workers assigned to their case; a right to

receive services of a high quality that are designed to maintain and advance their mental and physical well-being; a right to receive an educational program which maximizes his potential; and a right to be free from unwarranted physical restraint and isolation. *N.J.S.A. 9:6B-4(h)-(i), (k), (m)-(p).*

57.  Defendants had a duty to provide Z.H. services and care to ensure that these statutory rights were protected.

58.  Defendants violated Z.H.'s statutory rights by failing to meet their duties to Z.H. by placing him in the same foster home as T.M., a foster child who had a known propensity to sexually abuse other foster care children and for failing to adequately train and warn defendant John Doe Foster Parents about T.M.; all causing substantial and unnecessary physical, emotional, developmental, psychological and psychiatric harm to plaintiff, as well as pain and suffering, social disruption, and other grievous harm.

**WHEREFORE,** plaintiff Z.H. demands judgment against all defendants as follows:

      A. For compensatory damages.

      B. For punitive damages.

      C. For attorney's fees and costs pursuant to 42 USC Sec. 1988.

      D.  For all other appropriate relief.

COUNT IV

– Negligence
(Against All Defendants)

59.   Each of the foregoing paragraphs is incorporated as if fully set forth herein.

60.   Plaintiff has complied with the notice requirements of the Tort Claims Act, N.J.S.A. 59:1-1 *et seq*.

61.   Defendants owed numerous duties to plaintiff including a duty to: screen, approve, license, and monitor the foster care home that Z.H. was placed within to ensure that he remained reasonably safe.

62.   Defendants had a duty to take reasonable steps to monitor T.M., a minor with a propensity to act out in a sexual manner, to ensure that he did not sexually assault Z.H.

63.   Defendants had a duty to warn the foster parents of Z.H. and the biological father of Z.H., to make known the risks of placing T.M. in the same home as Z.H.

64.   By their acts and omissions, defendants violated the care of duty owed to Z.H.

65.   Defendants acted with gross negligence and/or recklessness, and their actions did not involve the mere exercise of professional judgment or discretion.

66.   By their acts and omissions, defendants proximately caused permanent injuries to the plaintiff, including: substantial

15

physical, emotional, developmental, psychological, and psychiatric injuries.

67.  Defendants' acts and omissions were a material element and/or a substantial factor in bringing harm to the plaintiff.

68.  The harms sustained by Z.H. were a reasonable and foreseeable result of defendant's acts and omissions.

69.  By the foregoing, defendants are liable for Z.H.'s injuries pursuant to N.J.S.A. 59:1-1 *et seq*.

70.  Defendants are jointly and severally liable for the injuries sustained by Z.H.

   **WHEREFORE,** plaintiff Z.H. demands judgment against all
   defendants as follows:

           A. For compensatory damages.

           B. For punitive damages.

           C. For attorney's fees and costs pursuant to 42 USC
   Sec. 1988.

           D.  For all other appropriate relief.


                          COUNT V
                         Negligence
              (Against Defendants John Doe Foster Parents)

71.  Each of the foregoing paragraphs is incorporated as if fully set forth herein.

72.  Defendant John Doe foster parents, negligently supervised and cared for Z.H. by failing to protect him from forcible, criminal sexual abuse by T.M.

73.  Defendants John Doe foster parents, fictitious persons, knew or should have known of T.M.'s propensity for sexual abuse, and they violated their duty to protect Z.H. and safeguard his interests while he was in their care.

74.  Defendants John Doe foster parents, fictitious persons, ignored or disregarded signs of T.M.'s sexual abuse of Z.H., and failed to notify DYFS that the safety and well-being of Z.H. was threatened by his continued proximity to T.M., and failed to notify DYFS of T.M.'s continuing sexually abusive behavior.

75.  As a proximate result of the negligence of defendants John Doe foster parents, fictitious persons, Z.H. suffered severe emotional and psychological trauma and disability, both temporary and permanent in nature, has been prevented and will be prevented from normal emotional and psychological development, has sustained emotional loss, and has experienced, and has otherwise been damaged.

**WHEREFORE**, plaintiff demands judgment in his favor and against John Doe foster parents as follows:

A. For compensatory damages.

B. For punitive damages.

C. For attorney's fees and costs pursuant to 42 USC Sec. 1988.

D.  For all other appropriate relief.

COUNT VI

Negligent Hiring, Retention, Training, and Supervision Under
State Law
(Against Defendant DYFS)

76.   Each of the foregoing paragraphs is incorporated as if
fully set forth herein.

77.   Defendant DYFS had a duty to oversee the hiring, retention,
and supervision of their employees who were responsible for and
care of Z.H., while he was a foster child, to ensure that Z.H.
received adequate and proper care, and to ensure that he was not
injured while in foster care.

78.   DYFS breached that duty of care because their employees
oversight of Z.H. and by placing him with another foster child
who had a known propensity to sexually assault other children
was so deficient that during the time Z.H. was in foster care
that DYFS is responsible for the deficiencies in their hiring,
retention, training, and supervision of the defendant employees
of DYFS who were entrusted and responsible for the safety and
well-being of Z.H.

79.   The conduct of DYFS in failing to properly oversee their
employees who were responsible for Z.H.'s care was grossly
negligent, willful, or wanton.

80.   In particular, DYFS's failure to warn defendants John Doe
foster parents of T.M.'s prior history of sexual acting out was
grossly negligent, willful or wanton.

81.  The injuries suffered by Z.H. were the proximate result of the deficient oversight described above.

   **WHEREFORE**, plaintiff demands judgment in his favor and against defendant DYFS as follows:

        A. For compensatory damages.

        B. For punitive damages.

        C. For attorney's fees and costs pursuant to 42 USC Sec. 1988.

        D.  For all other appropriate relief.

### COUNT VII
### Quasi-Contractual Claims
### (Against Defendants John Doe Foster Parents)

82.  Each of the foregoing paragraphs is incorporated as if fully set forth herein.

83.  Under the custodial care arrangement with Defendant DYFS, defendants John Doe foster parents entered into an agreement and/or implied agreement with DYFS to provide reasonable and adequate care, protection and supervision for the Child Z.H. entrusted to them by DYFS.

84.  Z.H. is a third-party beneficiary of that agreement or implied agreement.

85.  John Doe foster parents, fictitious persons breached that agreement and violated the fiduciary relationship of trust and confidence that inhered in the agreement or implied agreement.

86.  As a direct and proximate result of this breach, Z.H. was injured, in that he suffered severe emotional and psychological injuries, and has experienced, and will continue to experience, emotional, psychological and developmental damage.

**WHEREFORE**, plaintiff demands judgment in his favor and against defendants John Doe foster parents as follows:

A. For compensatory damages.

B. For punitive damages.

C. For attorney's fees and costs pursuant to 42 USC Sec. 1988.

D.  For all other appropriate relief.

COUNT VIII

Vicarious Liability – State Law Claims
(Against Defendant DYFS)

87.  Each of the foregoing paragraphs is incorporated as if fully set forth herein.

88.  DYFS is vicariously liable for the actions and/or lack of action of John Doe foster parents, and for the actions and/or lack of action of defendants Crummy, Cody, Hannah, Longo, Rhile, Lagroteria, Mancuso, Tienan, Stone, Kivlin, Puckering, and John Doe DYFS Workers 1-10, fictitious persons, as set forth in this complaint in the foster care placement, supervision and monitoring of Z.H.

**WHEREFORE,** plaintiff demands judgment in his favor and against DYFS as follows:

A. For compensatory damages.

B. For punitive damages.

C. For attorney's fees and costs pursuant to 42 USC Sec. 1988.

D.  For all other appropriate relief.

JURY DEMAND

Plaintiff hereby demands trial by jury as to each and every issue raised by this complaint.

BARRY, CORRADO, GRASSI,
& GIBSON, P.C.
Attorneys for Plaintiff

BY:_/s/ Joseph C. Grassi_

Joseph C. Grassi, Esquire

Dated: March 28, 2008